# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MARY STRINGER, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-3138 |
| § | |
| LYONDELL CHEMICAL § | |
| COMPANY, d/b/a Equistar § | |
| Chemical Limited Partnership, § | |
|     Defendant. § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment [Doc. # 26] filed by Defendant Lyondell Chemical Company ("Lyondell") d/b/a Equistar Chemical Limited Partnership ("Equistar").[1] Plaintiff filed a Response [Doc. # 27], to which Defendant filed a Reply [Doc. # 33]. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion for Summary Judgment as to the age discrimination claim and **grants** the Motion for Summary Judgment as to all other claims.

---

[1] Also pending is Defendant's Motion to Strike Plaintiff's Response [Doc. # 31] because the response exceeds twenty-five pages and does not contain a separate table of contents or table of citations. The Motion to Strike is **denied**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, born December 25, 1955, began her employment with Equistar in 1993 as a temporary employee and, in 1996, became a permanent employee with the company. She worked primarily in the Reliability Department.

Plaintiff was diagnosed with asthma in March 2000. In late 2001 and early 2002, Plaintiff reported to her supervisor (Ghazi Shalin at that time) that she believed the environment in her office was affecting her asthma. At Plaintiff's request, the carpet in her office was replaced with tile. Additionally, the office was painted, new baseboards were installed, and an air purifier was purchased for Plaintiff's office.

In late 2002, Keith Hopkins became Plaintiff's supervisor. In February 2005, Plaintiff was placed on a performance improvement plan ("PIP"). Plaintiff completed the PIP to Defendant's satisfaction.

Soon thereafter, Hopkins was transferred to another facility and, in December 2005, Eric Nelson became Plaintiff's supervisor. Nelson recommended that Plaintiff's employment be terminated and, on May 10, 2006, Plaintiff was discharged.

On May 18, 2006, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On the EEOC charge form, Plaintiff described and marked boxes for discrimination based on age and disability in connection with the termination of her employment. Plaintiff did not indicate that the

charge involved a continuing violation and, indeed, identified May 10, 2006, as the first and last date on which discrimination occurred.

After receiving her Notice of Right to Sue, Plaintiff filed this lawsuit in state court. Defendant removed the case to federal court, and Plaintiff filed an Amended Complaint [Doc. # 10]. In the Amended Complaint, Plaintiff asserts claims of employment discrimination on the basis of age and disability, a hostile work environment, and retaliation. Following discovery, Defendant filed its Motion for Summary Judgment, which has been fully briefed as is ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and identify specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to

the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by "unsubstantiated or conclusory assertions that a fact issue exists." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.*

### III.   CLAIMS NOT RAISED IN EEOC CHARGE

Before filing a lawsuit alleging age discrimination under the ADEA or disability discrimination under the ADA, a plaintiff is required to file a timely charge of discrimination with the EEOC. *See* 29 U.S.C. § 626(d) (ADEA); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA). The scope of the lawsuit is limited to the scope of the EEOC charge and the scope of the investigation that can reasonably be expected to result from the allegations in the charge. *See O'Neal v. Roadway Express*, 181 F. App'x 417, 419 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

Plaintiff filed her charge with the EEOC on May 18, 2006. In that charge, Plaintiff alleged only age and disability discrimination in connection with the termination of her employment on May 10, 2006. Plaintiff stated that May 10, 2006, was the earliest and the latest date on which the alleged discrimination occurred, specifically limiting the time frame of her charge. Plaintiff did not indicate that there was a continuing violation, although there was a box available on the charge form for Plaintiff to check to so indicate. Plaintiff marked only the "age" and "disability" boxes to identify her claims; she did not mark the "retaliation" or "other" boxes. She included a lengthy, handwritten section describing her complaints, but did not describe a hostile work environment or retaliatory conduct by Defendant.

Plaintiff's EEOC charge, and the investigation that could be expected to result, was limited to allegations of age and disability discrimination in connection with the May 10, 2006, termination of her employment. As a result, these two claims are the only exhausted claims and Defendant is entitled to summary judgment on the remaining claims in the Amended Complaint.

## IV.    DISABILITY DISCRIMINATION CLAIM

### A.    Applicable Legal Principles

The ADA prohibits discrimination in employment against a person with a disability. *See* 42 U.S.C. § 12112(a); *Rodriguez v. ConAgra Grocery Prods. Co.*, 436

F.3d 468, 474 (5th Cir. 2006). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must be a qualified individual with a disability. *Blanks v. Southwestern Bell Communications, Inc.*, 310 F.3d 398, 400 (5th Cir. 2002); *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001). A "disability" is defined in the Act as follows:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment; or
>
> (C) being regarded as having such impairment.

42 U.S.C. § 12102(2); *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999).

"Merely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 196 (2002). Claimants also need to demonstrate that the impairment substantially limits a major life activity. *Id.* For guidance as to the meaning of "substantially limits" and "major life activities," courts rely on the regulations promulgated by the EEOC under the ADA. *Dupre*, 242 F.3d at 614; *Gonzales v. City of New Braunfels*, 176 F.3d 834, 836 (5th Cir. 1999). EEOC regulations define "major life activities" to include functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(I); *see Cutera v. Board of*

*Supervisors*, 429 F.3d 108, 111 (5th Cir. 2005). Whether an impairment is "substantially limiting" depends on "(1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact." *Dupre*, 242 F.3d at 614 (citing 29 C.F.R. § 1630). "[T]emporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

An individual is regarded as disabled when an employer mistakenly believes that the person has a physical impairment substantially limits one or more major life activities. *See Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001).

A plaintiff may establish a claim of disability discrimination by presenting direct evidence of discrimination. *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 162 (5th Cir. 1996) (citing *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)). Alternatively, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies. *Id.* Under the *McDonnell Douglas* analysis, a plaintiff must first make out a *prima facie* case of discrimination by showing that: (1) she has a disability; (2) she is qualified for the job; (3) she was subject to an adverse employment action; and (4) she was replaced by a non-disabled person or was

treated less favorably than non-disabled employees. *Taylor*, 93 F.3d at 162; *Aldrup*, 274 F.3d at 286.

### B. Analysis

Plaintiff alleges that she suffers from a disability as that term is defined in the ADA. Specifically, Plaintiff has presented evidence that she was diagnosed in March 2000 with adult onset asthma. She made Defendant aware of her condition and later requested that the carpet in her office be replaced with tile. Defendant not only replaced the carpet with tile as requested, but also painted the walls, installed new baseboards, waxed the tile floor, and purchased an air purifier for Plaintiff's office.

Plaintiff alleges that her asthma affects her breathing, a major life activity. Plaintiff has not presented evidence, however, to raise a genuine issue of material fact regarding whether her asthma "substantially limits" her breathing or any other major life activity. Indeed, the uncontroverted evidence establishes that Plaintiff suffers the effects of her asthma on limited occasions when she overexerts, generally by climbing flights of stairs. She does not use a prescription inhaler or other medication for asthma. She concedes that her asthma does not interfere with her ability to perform her job responsibilities at the office or, with the exception of mowing the grass, to complete housekeeping chores at home. Although it seems that Plaintiff's breathing at times is affected by her asthma, there is no evidence that the asthma substantially limits or

restricts her ability to breathe as required for a claim under the ADA. *See Robinson v. Global Marine Drilling Co.*, 101 F.3d 35, 37 (5th Cir. 1996) (holding that "a few instances of shortness of breath while climbing stairs . . . do not rise to the level of substantially limiting the major life activity of breathing"); *Henderson v. New York Life, Inc.*, 991 F. Supp. 527, 538 (N.D. Tex. 1997) (holding that a plaintiff with asthma was not "disabled" for purposes of the ADA if the impairment merely affects one or more major life activities). Having failed to present evidence that her asthma substantially limits a major life activity, Plaintiff's ADA claim fails.

Plaintiff argues that, even if she is not disabled for purposes of the ADA, Defendant regarded her as disabled. The undisputed evidence establishes, however, that Plaintiff's supervisor and the person responsible for deciding to terminate Plaintiff's employment, did not know that Plaintiff had asthma, much less that the supervisor believed that Plaintiff's asthma prevented her from performing the responsibilities of her job. Plaintiff's disputed evidence that a prior supervisor may have held some animus against Plaintiff because of her asthma is irrelevant to the only exhausted ADA claim – whether Defendant's decision to terminate Plaintiff's employment violated the ADA.

Plaintiff has failed to present evidence from which a reasonable fact finder could conclude either that she is disabled or regarded as disabled for purposes of the ADA. As a result, Defendant is entitled to summary judgment on Plaintiff's ADA claim.

## V.    AGE DISCRIMINATION CLAIM

### A.    Applicable Legal Principles

To establish a *prima facie* case of discriminatory treatment in violation of the ADEA, the plaintiff is required to prove: (1) she is over the age of forty and, therefore, within the protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment decision; and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). If the plaintiff succeeds in establishing a *prima facie* case of discrimination, then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Smith*, 351 F.3d at 196 (citing *Tyler v. Union Oil Co.,* 304 F.3d 379, 395 (5th Cir. 2002)).

If the defendant satisfies its burden of production, the plaintiff may then attempt to prove discrimination by offering evidence that the defendant's stated reason is a pretext for age discrimination. *Smith*, 351 F.3d at 196. The plaintiff can show pretext

"either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). "The pretext inquiry focuses on the authenticity of the employer's proffered reason." *Nasti*, 492 F.3d at 594. "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id.* (quoting *Wright v. West,* 505 U.S. 277, 296 (1992)). "A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* (quoting *Reeves,* 530 U.S. at 148).

**B.  Analysis**

Plaintiff has presented evidence that she is over the age of forty and, therefore, within the protected class. She held and was performing the position from which she was discharged, and the termination of her employment is an adverse employment decision. Plaintiff has also presented evidence that she was replaced by someone younger. Consequently, Plaintiff has presented evidence to raise a *prima facie* case of age discrimination.

As its legitimate, nondiscriminatory reason for terminating Plaintiff's employment, Defendant asserts that her performance was unsatisfactory. Defendant also claims that Plaintiff engaged in improper internet usage, such as viewing sexually inappropriate websites.

Plaintiff has presented evidence that raises a genuine issue of material fact regarding whether Defendant's proffered explanation was a pretext for age discrimination. Regarding her performance, the deficiencies identified by Defendant are subjective and far from precise. They include an alleged "failure to communicate effectively; failure to demonstrate high personal standards; lack of customer orientation; failure to consistently demonstrate problem solving skills; and lack of initiative." *See* Motion for Summary Judgment, pp. 6-7. Plaintiff has presented evidence that these reasons were not provided to her at the time of her discharge, that she had been given a raise shortly before her employment was terminated, and that she had successfully completed a performance improvement plan ("PIP") to Defendant's satisfaction.

Defendant also alleged that Plaintiff used the internet at the office in an improper manner, including viewing sexually explicit websites. Plaintiff has explained that she was required to use the internet in connection with her procurement of office supplies and other work-related materials. Plaintiff states unequivocally that she did not view websites containing sexually explicit material. Plaintiff opines that certain "hyperlinks"

may have caused the computer to access such websites, but maintains that she does not remember that occurring.

Plaintiff has presented evidence to show a *prima facie* case of age discrimination, and has presented evidence to raise a genuine issue of material fact regarding whether Defendant's proffered explanation for its decision to terminate Plaintiff's employment was false and a pretext for discrimination. Defendant's Motion for Summary Judgment is denied as to Plaintiff's age discrimination claim regarding the termination of her employment.

## VI.   CONCLUSION AND ORDER

Plaintiff in her EEOC charge raised only age and disability discrimination claims based on the termination of her employment. Defendant is entitled to summary judgment on the other claims asserted in Plaintiff's Amended Complaint because they are not exhausted. Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding her disability discrimination claim, but a genuine fact issue precludes summary judgment on the age discrimination claim. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 26] is **DENIED** as to the age discrimination claim regarding the termination of Plaintiff's employment and is **GRANTED** as to all other claims in the Amended Complaint. It is further

**ORDERED** that Defendant's Motion to Strike [Doc. # 31] is **DENIED**.

The case remains scheduled for docket call on **October 26, 2007, at 4:00 p.m.**, and the parties are reminded that they are required to engage in mediation prior to docket call.

SIGNED at Houston, Texas, this **5th** day of **September, 200**7.

_____
Nancy F. Atlas
United States District Judge